IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-40392
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHERI ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
USDC No. 4:99-CR-76-1

_____

October 2, 2000

Before JOLLY, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Cheri Anderson, a former investment broker, of fraudulently using the debit card of one of her clients, 88-year-old Gordon Wood, to make over $70,000 in unauthorized withdrawals from Wood's account through automated teller machines (ATMs), in violation of 18 U.S.C. § 1029(a)(2). Anderson appeals, making four arguments related to three issues.

Anderson first contends that the district court violated her Sixth Amendment right to an impartial jury by refusing to excuse

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prospective juror Marilyn Gentry for cause. This court's review of this claim is limited to considering the partiality of those who actually served on the jury. Ross v. Oklahoma, 487 U.S. 81, 88 (1988). Because Gentry did not serve on the jury, Anderson's claim has no factual basis and provides no grounds for relief.

Anderson next contends that the court abused its discretion in applying the "residual exception" of Fed. R. Evid. 807 to admit testimony that Wood told two witnesses that Anderson "made" him get the debit card even though he did not want it. This court reviews evidentiary rulings for abuse of discretion and will "not disturb the trial court's ruling on the admissibility of evidence under the residual exception to the hearsay rule 'absent a definite and firm conviction that the court made a clear error of judgment[.]'" United States v. Perez, 217 F.3d 323, 329 (5th Cir. 2000) (citation omitted). Wood's declaration had sufficient indicia of reliability so that the court did not abuse its discretion in admitting it under Rule 807.

Anderson also argues that the admission of the hearsay evidence violated her Sixth Amendment right to confront her accusers. See United States v. Ismoila, 100 F.3d 380, 393 (5th Cir. 1996) (evidence admissible under Rule 807 may still violate Confrontation Clause). Anderson did not raise this issue in the district court; therefore, it is reviewed for plain error. United

States v. Maldonado, 42 F.3d 906, 909-12 (5th Cir. 1995) (objection must be specific to preserve issue for review).  To satisfy the Confrontation Clause, hearsay evidence must be supported by a showing of "particularized guarantees of trustworthiness." Ohio v. Roberts, 448 U.S. 56, 66 (1980).  The circumstances surrounding Wood's declaration rendered it sufficiently trustworthy to be admitted.

Even if there were a Confrontation Clause error, it was not "plain."  In order to be plain error, an error must be "clear" or "obvious."  Olano 507 U.S. at 733-34.  The error must also have been prejudicial, meaning that it affected the outcome of the proceeding.  Id. at 734; Fed. R. Crim. P. 52(b).  If these factors exist, the court may correct the error if it "'seriously affects the fairness, integrity or public reputation," of the judicial proceedings.  Olano, 507 U.S. at 736 (citation omitted). Because Wood's declaration was admissible under Rule 807, it was not obvious error to admit it under the Confrontation Clause.  Further, in the light of the abundant evidence of Anderson's guilt, the admission did not affect the outcome, fairness, integrity, or public reputation of the judicial proceeding.

Finally, Anderson contends that the court erred in allowing her former coworkers to give opinion testimony that she was the disguised person shown using Wood's debit card in an ATM

3

surveillance videotape.  This ruling is reviewed for abuse of discretion.  <u>Perez</u>, 217 F.3d at 329.  A lay witness may testify as to opinions that are rationally based on the witness's perception and that are helpful to the jury.  Fed. R. Evid. 701; <u>United States v. Riddle</u>, 103 F.3d 423, 428 (5th Cir. 1997).  Based on their daily observations of Anderson, her coworkers were qualified to help the jury identify her as the person in the videotape.  The district court did not abuse its discretion in admitting their testimony.

Anderson's conviction is

A F F I R M E D.

4